Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Andrew Weaver (SBN 318935)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
aweaver@schneiderwallace.com

Edwin Aiwazian (SBN 232943)
Arby Aiwazian (SBN 269827)
**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys for Plaintiff, the Putative Class,*
*Aggrieved Employees, and the State of California*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA MILES, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>          Plaintiff,<br><br>vs.<br><br>KIRKLAND'S STORES, INC.<br><br>          Defendant. | Case No.: 2:25-cv-03911<br><br>ACTION SEEKING STATEWIDE RELIEF<br><br>**CLASS COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, *ET SEQ.***<br>  (1) **Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);** |

**(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);**

**(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);**

**(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);**

**(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Paid Timely);**

**(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);**

**(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);**

**(8) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records);**

**(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);**

**(10)  Violation of California Business & Professions Code §§ 17200, *et seq.*; and**

**(11)  Violation of California Labor Code §§ 2698, *et seq.*) (California Labor Code Private Attorneys General Act of 2004).**

COMES NOW, Plaintiff Ariana Miles ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"), and alleges as follows:

## JURISDICTION

1.      This is a putative class and PAGA action against Defendant Kirkland's Stores, Inc. ("Defendant" or "Kirkland's"), arising out of Defendant's alleged violations of California's labor laws.

2.      Defendant has asserted that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 (d) (the Class Action Fairness Act ("CAFA")) and 1446 on the following grounds: (1) Plaintiff is a "citizen of a state different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" over 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." Defendant has asserted that all CAFA requirements are satisfied.[1]

## VENUE

3.      Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in this district. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including in this district.

## PARTIES

4.      Plaintiff Ariana Miles is an individual residing in the State of California, County of Riverside.

---

[1] This complaint is being filed in this Court pursuant to an agreement by the parties in *Miles v. Kirkland's Stores Inc.*, No. 5:2018-cv-01559 (C.D. Cal.) (Agreement re Dismissal Without Prejudice and Refiling Claims) (ECF No. 153-1) ("Refiling Agreement").

5.      Defendant Kirkland's Stores, Inc., at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Riverside.

6.      At all relevant times, Defendant Kirkland's Stores, Inc. was the "employer" of Plaintiff, the other class members and aggrieved employees within the meaning of all applicable California laws and statutes.

## CLASS ACTION ALLEGATIONS

7.      Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification, including under Fed. Rules of Civil Procedure, Rule 23.

8.      The proposed class is defined as follows:

**All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from May 24, 2018 to final judgment.[2]**

9.      Plaintiff reserves the right to establish subclasses as appropriate.

10.     The class is ascertainable and there is a well-defined community of interest in the litigation:

(a)     Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

---

[2] Pursuant to the Refiling Agreement, the putative class period tolls and relates back to the initial complaint in *Miles v. Kirkland's Stores Inc.*, No. 5:2018-cv-01559 (C.D. Cal.) (ECF No. 1-1).

(b)    <u>Typicality</u>: Plaintiff claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

(c)    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

(e)    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

11.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

(a)    Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the California Laboe Code, was willful;

(b)    Whether Defendant had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for

all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

(c)     Whether Defendant required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

(d)     Whether Defendant deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

(e)     Whether Defendant failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

(f)     Whether Defendant failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

(g)     Whether Defendant failed to timely pay all wages due to Plaintiff and the other class members during their employment;

(h)     Whether Defendant complied with wage reporting as required by the California Labor Code; including, inter alia, section 226;

(i)     Whether Defendant kept complete and accurate payroll records as required by the California Labor Cod; including, inter alia, section 1174(d);

(j)     Whether Defendant failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

(k)     Whether Defendant's conduct was willful or reckless;

(l)     Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

(m)     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law; and

(n)     Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

# PAGA ALLEGATIONS

12.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendant.

13.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15.     Plaintiff was employed by Defendant and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and the Other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendant, and one or more of the alleged violations were committed against them.

16.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)     The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)     The LWDA shall provide notice (hereinafter "LWDA Notice') to the employer and the aggrieved employee by certified mail that it does not intend to

investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

17.    On March 19, 2018, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant Kirkland's Stores, Inc. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice.

18.    Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor Code section 558 against Defendant, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

## GENERAL ALLEGATIONS

19.    At all relevant times set forth herein, Defendant employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, County of Riverside.

20.    Defendant employed Plaintiff as an hourly-paid, non-exempt employee, from approximately February 2011 to the present, in the State of California, County of Riverside.

21.    Defendant hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

22.    Defendant had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

23.    Defendant exercised sufficient authority over the terms and conditions of Plaintiffs and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24.    Defendant directly hired and paid wages and benefits to Plaintiff and the other class members.

25.    Defendant continues to employ hourly-paid or non-exempt employees within the State of California.

26.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendant.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendant engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members

1  were entitled to receive all meal periods or payment of one additional hour of pay at

2  Plaintiff's and the other class member's regular rate of pay when a meal period was

3  missed, and they did not receive all meal periods or payment of one additional hour

4  of pay at Plaintiff's and the other class member's regular rate of pay when a meal

5  period was missed.

6      31.   Plaintiff is informed and believes, and based thereon alleges, that

7  Defendant knew or should have known that Plaintiff and the other class members

8  were entitled to receive all rest periods or payment of one additional hour of pay at

9  Plaintiff's and the other class member's regular rate of pay when a rest period was

10  missed, and they did not receive all rest periods or payment of one additional hour of

11  pay at Plaintiff's and the other class members' regular rate of pay when a rest period

12  was missed.

13      32.   Plaintiff is informed and believes, and based thereon alleges, that

14  Defendant knew or should have known that Plaintiff and the other class members

15  were entitled to receive at least minimum wages for compensation and that they were

16  not receiving at least minimum wages for all hours worked.

17      33.   Plaintiff is informed and believes, and based thereon alleges, that

18  Defendant knew or should have known that the other class members were entitled to

19  receive all wages owed to them upon discharge or resignation, including overtime

20  and minimum wages and meal and rest period premiums, and they did not, in fact,

21  receive all such wages owed to them at the time of their discharge or resignation.

22      34.   Plaintiff is informed and believes, and based thereon alleges, that

23  Defendant knew or should have known that Plaintiff and the other class members

24  were entitled to receive all wages owed to them during their employment. Plaintiff

25  and the other class members did not receive payment of all wages, including overtime

26  and minimum wages and meal and rest period premiums, within any time permissible

27  under California Labor Code section 204.

28

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendant. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Defendant had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendant's profits.

39.    During the relevant time period, Defendant failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

40.    During the relevant time period, Defendant failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

41.    During the relevant time period, Defendant failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

42.    During the relevant time period, Defendant failed to pay the other class members no longer employed by Defendant all wages owed to them upon discharge or resignation.

43.    During the relevant time period, Defendant failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.    During the relevant time period, Defendant failed to provide complete or accurate wage statements to Plaintiff and the other class members.

45.    During the relevant time period, Defendant failed to keep complete or accurate payroll records for Plaintiff and the other class members.

46.    During the relevant time period, Defendant failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

47.    During the relevant time period, Defendant failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendant's profits.

48.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against KIRKLAND'S STORES, INC.)

49.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons

without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

51.    Specifically, the applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiff and the other class members employed by Defendant, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

52.    The applicable IWC Wage Order further provides that Defendant is and was required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

53.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

54.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

55.    During the relevant time period, Defendant intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

56.    Defendant's failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

57.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## **SECOND CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 226.7 and 512(a))**

### **(Against KIRKLAND'S STORES, INC.)**

58.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein.

59.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment with Defendant.

60.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

61.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

62.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve

1  (12) hours, the second meal period may be waived by mutual consent of the employer

2  and the employee only if the first meal period was not waived.

3      63.    During the relevant time period, Plaintiff and the other class members

4  who were scheduled to work for a period of time no longer than six (6) hours, and

5  who did not waive their legally-mandated meal periods by mutual consent, were

6  required to work for periods longer than five (5) hours without an uninterrupted meal

7  period of not less than thirty (30) minutes and/or rest period.

8      64.    During the relevant time period, Plaintiff and the other class members

9  who were scheduled to work for a period of time in excess of six (6) hours, and who

10  did not waive their legally-mandated meal periods by mutual consent,  were required

11  to work for periods longer than five (5) hours without an uninterrupted meal period

12  of not less than thirty (30) minutes and/or rest period.

13      65.    During the relevant time period, Defendant intentionally and willfully

14  required Plaintiff and the other class members to work during meal periods and failed

15  to compensate Plaintiff and the other class members the full meal period premium

16  for work performed during Meal periods.

17      66.    During the relevant time period, Defendant failed to pay Plaintiff and the

18  other class members the full meal period premium due pursuant to California Labor

19  Code section 226.7.

20      67.    Defendant's conduct violates applicable IWC Wage Order and California

21  Labor Code sections 226.7 and 512(a).

22      68.    Pursuant to the applicable IWC Wage Order and California Labor Code

23  section 2263(b), Plaintiff and the other class members are entitled to recover from

24  Defendant one additional hour of pay at the employee's regular rate of compensation

25  for each workday that the meal or rest period is not provided.

26  <center>**THIRD CAUSE OF ACTION**</center>

27

28

**(Violation of California Labor Code § 226.7)**

**(Against KIRKLAND'S STORES, INC.)**

69.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendant.

71.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

72.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

73.    During the relevant time period, Defendant required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

74.    During the relevant time period, Defendant willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

75.    During the relevant time period, Defendant failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

76.    Defendant's conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

77.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendant one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against KIRKLAND'S STORES, INC.)

78.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

80.    During the relevant time period, Defendant failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

81.    Defendant's failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

83.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against KIRKLAND'S STORES, INC.)

84.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the 'wages earned and unpaid at the' time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.    During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employment.

87.    Defendant's failure to pay the other class members', who are no longer employed by Defendant, wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employment, is in violation of California Labor Code sections 201 and 202.

88.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate

1  until paid or until an action is commenced; but the wages shall not continue for more

2  than thirty (30) days.

3       89.    The other class members who have separated from employment with

4  Defendant are entitled to recover from Defendant the statutory penalty wages for each

5  day they were not paid, up to a thirty (30) day maximum pursuant to California Labor

6  Code section 203.

7                          **SIXTH CAUSE OF ACTION**

8                  **(Violation of California Labor Code § 204)**

9                  **(Against KIRKLAND'S STORES, INC.)**

10      90.    Plaintiff incorporates by reference the allegations contained in

11  paragraphs 1 through 89, and each and every part thereof with the same force and

12  effect as though fully set forth herein.

13      91.    At all times herein set forth, California Labor Code section 204 provides

14  that all wages earned by any person in any employment between the 1st and 15th

15  days, inclusive, of any calendar month, other than those wages due upon termination

16  of an employee, are due and payable between the 16th and the 26th day of the month

17  during which the labor was performed.

18      92.    At all times herein set forth, California Labor Code section 204 provides

19  that all wages earned by any person in any employment between the 16th and the last

20  day, inclusive, of any calendar month, other than those wages due upon termination

21  of an employee, are due and payable between the 1st and the 10th day of the following

22  month.

23      93.    At all times herein set forth, California Labor Code section 204 provides

24  that all wages earned for labor in excess of the normal work period shall be paid no

25  later than the payday for the next regular payroll period.

26      94.    During the relevant time period, Defendant intentionally and willfully

27  failed to pay Plaintiff and the other class members all wages due to them, within any

28  time period permissible under California Labor Code section 204.

95.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against KIRKLAND'S STORES, INC.)

96.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the Corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

98.    Defendant has intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to the failure to include the total number of hours worked by Plaintiff and the other class members.

99.    As a result of Defendant's violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

100.    More specifically, Plaintiff and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

101.    Plaintiff and the other class members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

102.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## **EIGHTH CAUSE OF ACTION**

### **(Violation of California Labor Code § 1174(d))**

### **(Against KIRKLAND'S STORES, INC.)**

103.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 102, and each and every part thereof with the same force and effect as though fully set forth herein.

104.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

105. Defendant has intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

106. As a result of Defendant's violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

107. More specifically, Plaintiff and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against KIRKLAND'S STORES, INC.)

108. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

110. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant.

111. Defendant has intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

112. Plaintiff and the other class members are entitled to recover from Defendant their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee

incurred the necessary expenditures at the same rate as judgments in civil actions in
the State of California.

### TENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against KIRKLAND'S STORES, INC.)**

113.    Plaintiff incorporates by reference the allegations contained in
paragraphs 1 through 112, and each and every part thereof with the same force and
effect as though fully set forth herein.

114.    Defendant's conduct, as alleged herein, has been, and continues to be,
unfair, unlawful and harmful to Plaintiff, other class members, to the general public,
and Defendant's competitors. Accordingly, Plaintiff seeks to enforce important rights
affecting the public interest within the meaning of Code of Civil Procedure section
1021.5.

115.    Defendant's activities as alleged herein are violations of California law,
and constitute unlawful business acts and practices in violation of California Business
& Professions Code section 17200, *et seq*.

116.    A violation of California Business & Professions Code section 17200, *et
seq*. may be predicated on the violation of any state or federal law. In this instant case,
Defendant's policies and practices of requiring employees, including Plaintiff and the
other class members, to work overtime without paying them proper compensation
violate California Labor Code sections 510 and 1198. Additionally, Defendant's
policies and practices of requiring employees, including Plaintiff and the other class
members, to work through their meal and rest periods without paying them proper
compensation violate California Labor Code sections 226.7 and 512(a). Defendant's
policies and practices of failing to pay minimum wages violate California Labor Code
sections 1194, 1197, and 1197.1. Moreover, Defendant's policies and practices of
failing to timely pay wages to Plaintiff and the other class members violate California

Labor Code sections 201, 202 and 204. Defendant also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

117.    As a result of the herein described violations of California law, Defendant unlawfully gained an unfair advantage over other businesses.

118.    Plaintiff and the other class members have been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

119.    Pursuant to California Business & Professions Code sections 17200, *et seq*., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences from May 24, 2014;[3] an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, *et seq.*)

### (Against KIRKLAND'S STORES, INC.)

120.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

122.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a

---

[3] *See* footnote 2, *supra*.

1  civil action is authorized to exercise the same discretion, subject to the same

2  limitations and conditions, to assess a civil penalty.

3      123.  Plaintiff and the other hourly-paid or non-exempt employees are

4  "aggrieved employees" as defined by California Labor Code section 2699(c) in that

5  they are all current or former employees of Defendant, and one or more of the alleged

6  violations was committed against them.

7                              **Failure to Pay Overtime**

8      124.  Defendant's failure to pay legally required overtime wages to Plaintiff

9  and the other aggrieved employees is in violation of the Wage Orders and constitutes

10  unlawful or unfair activity prohibited by California Labor Code sections 510 and

11  1198.

12                         **Failure to Provide Meal Periods**

13      125.  Defendant's failure to provide legally required meal periods to Plaintiff

14  and the other aggrieved employees is in violation of the Wage Orders and constitutes

15  unlawful or unfair activity prohibited by California Labor Code sections 226.7 and

16  512(a).

17                         **Failure to Provide Rest Periods**

18      126.  Defendant's failure to provide legally required rest periods to Plaintiff

19  and the other aggrieved employees is in violation of the Wage Orders and constitutes

20  unlawful or unfair activity prohibited by California Labor Code section 226.7.

21                         **Failure to Pay Minimum Wages**

22      127.  Defendant's failure to pay legally required minimum wages to Plaintiff

23  and the other aggrieved employees is in violation of the Wage Orders and constitutes

24  unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197

25  and 1197.1.

26                  **Failure to Timely Pay Wages Upon Termination**

27      128.  Defendant's failure to timely pay wages to the other aggrieved employees

28  upon termination in accordance with Labor Code sections 201 and 202 constitutes

unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

129.   Defendant's failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

130.   Defendant's failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

131.   Defendant's failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

132.   Defendant's failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

133.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendant, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendant, including but not limited to:

(a)    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

(b)    Penalties under California Code of Regulations Title 8 section 11010, *et seq*. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

(c)    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

(d)    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

134.    Pursuant to California Labor Code section 2699(1), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

135.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendant, as follows:

## Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendant immediately provide to Class Counsel the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

## As to the First Cause of Action

5.     That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and.

10.    For such other and further relief as the Court may deem just and proper.

## As to the Second Cause of Action

11.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.    For all actual, consequential, and incidental losses and damages, according to proof;

14.    For premium wages pursuant to California Labor Code section 226.7(b);

15.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.    For reasonable attorneys' fees and costs of suit incurred herein;

17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

19.    That the Court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

20.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For premium wages pursuant to California Labor Code section 226.7(b);

23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27.    For general unpaid wages and such general and special damages as may be appropriate;

28.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

29.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

31.    For liquidated damages pursuant to California Labor Code section 1194.2;

32.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

34.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendant;

35.    For all actual, consequential, and incidental losses and damages, according to proof;

36.    For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendant's employment;

37.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

38.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

39.    For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

40.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

41.    For all actual, consequential, and incidental losses and damages, according to proof;

42.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

43.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

44.    For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

45.    That the Court declare, adjudge, and decree that Defendant violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

46.    For actual, consequential and incidental losses and damages, according to proof,

47.    For statutory penalties pursuant to California Labor Code section 226(e);

48.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h);

49.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

50.    For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

51.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

52.    For actual, consequential and incidental losses and damages, according to proof;

53.    For statutory penalties pursuant to California Labor Code section 1174.5;

54.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

55.    For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

56.    That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

57.    For actual, consequential and incidental losses and damages, according to proof;

58.    For the imposition of civil penalties 'and/or statutory penalties;

59.    For reasonable attorneys' fees and costs of suit incurred herein;

60.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

61.    For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

62.    That the Court decree, adjudge, and decree that Defendant violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

63.    For restitution of unpaid wages to Plaintiff and all the other class members and all prejudgment interest from the day such amounts were due and payable;

64.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

65.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

66.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

67.    For such other and further relief as the Court may deem just and proper.

**As to the Eleventh Cause of Action**

68.    For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

69.    For such other and further relief as the Court may deem equitable and appropriate.

1

Date: May 2, 2025                    By:    _/s/ Esther L. Bylsma_

2                                            Carolyn H. Cottrell

3                                            Esther L. Bylsma
                                             Schneider Wallace Cottrell

4                                            Konecky LLP

5                                            Edwin Aiwazian

6                                            Arby Aiwazian
                                             Lawyers _for_ Justice, PC

7

8                                            Attorneys for Plaintiff, the Class,
                                             the State of California, and all

9                                            aggrieved employees

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of the putative Class and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

Date: May 2, 2025                    By:    */s/ Esther L. Bylsma*
                                            Carolyn H. Cottrell
                                            Esther L. Bylsma
                                            Schneider Wallace Cottrell
                                            Konecky LLP

                                            Edwin Aiwazian
                                            Arby Aiwazian
                                            Lawyers *for* Justice, PC

                                            Attorneys for Plaintiff, the Class,
                                            the State of California, and all
                                            aggrieved employees

CLASS COMPLAINT FOR DAMAGES & ENFORCEMNT UNDER PAGA, LAB. CODE § 2698, *ET SEQ.*
*Miles v. Kirkland's Stores, Inc*